[Crim. No. 1930. Second Appellate District, Division One.—August 6, 1930.]

THE PEOPLE, Respondent, v. EDWARD KAVANAUGH et al., Appellants.

S. S. Hahn and Nathan Goldberg for Appellants.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

HOUSER, J.—Each of the defendants appeals from each of two several judgments following conviction of the crimes of burglary and grand theft, as well as from an order denying a motion for a new trial.

The "grounds of decision" herein are as follows:

(1) The evidence adduced on the trial of the action was sufficient to support the several verdicts of the jury and the judgments rendered thereon as to each of the defendants.

(2) The trial court did not err in admitting in evidence as against each of the defendants certain documents, as well as admissions made by one of the defendants. (16 C. J., p. 647, sec. 1284; 5 Am. & Eng. Ann. Cas. 1284; 5 R. C. L. 1087.) The questioned evidence related to a conspiracy; and prior to its introduction a *prima facie* showing had been made of both the participation and the interest of each of the defendants in the commission of the crime, which constituted a sufficient foundation for the introduction of evidence such as is made the subject of appellants' objections herein. (See authorities cited in 8 Cal. Jur., p. 122 et seq.) In *People* v. *Donnolly*, 143 Cal. 394, 398 [77 Pac. 177], it is held that (syllabus), "in order to establish the conspiracy it is not necessary to prove directly that the

parties met and agreed to undertake the commission of the crime, but it may be shown indirectly by evidence of any facts from which the jury might infer the ultimate fact of conspiracy.'' ▮ Acts of either of the conspirators committed in furtherance of the conspiracy, although occurring after the perpetration of the particular crime, are admissible in evidence. (*People* v. *Sampsell*, 104 Cal. App. 431 [286 Pac. 434]; *People* v. *Lorraine*, 90 Cal. App. 317, 327 [265 Pac. 893], and authorities there cited.)

▮ (3) No abuse of discretion by the trial court was shown in its order denying the motion of defendants for an inspection of the premises which were burglarized. (8 Cal. Jur., p. 245; sec. 1119, Pen. Code.)

The judgments and the orders denying the motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 20, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 4, 1930.